**Gerald Lee ARBUCKLE,
Plaintiff–Appellant,**

v.

**C. SMITH, et al., Defendants–Appellees.**

No. 03–2133.

United States Court of Appeals,
Sixth Circuit.

June 11, 2004.

Rehearing En Banc Denied
Sept. 17, 2004.

Gerald Lee Arbuckle, Munising, MI, pro se.

Before MARTIN and SUTTON, Circuit Judges; and WILLIAMS, District Judge.*

*ORDER*

Gerald Lee Arbuckle appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

---

\* The Honorable Glen M. Williams. United States District Judge for the Western District of Virginia, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Arbuckle filed his complaint in the district court alleging that he was charged with and found guilty of possession of contraband despite receiving no notice that the property in question, his radio and batteries, were considered contraband in segregation. In addition. Arbuckle alleged that the investigation into the charge was inadequate and that the charge and inadequate investigation were discriminatory and in retaliation for another action he filed against prison officials. The district court dismissed the complaint sua sponte for failure to state a claim upon which relief can be granted. Plaintiff filed a motion for reconsideration and a notice of appeal, and the district court denied plaintiff's motion for reconsideration. On appeal, plaintiff reiterates his contention that he was not was not given notice that the property at issue was contraband, and that the favorable termination doctrine should not apply to this case.

Upon de novo review, see McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), we vacate the district court's judgment. At the time of the district court's ruling, Sixth Circuit precedent compelled the district court to rule as it did. Huey v. Stine, 230 F.3d 226, 230 (6th Cir.2000). However, the Supreme Court recently overruled this court's decision in Huey v. Stine, and concluded that claims are cognizable under § 1983 where a ruling in plaintiff's favor would not necessarily implicate the length of plaintiff's incarceration. See Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 1304–05, 158 L.Ed.2d 32 (2004). Accordingly, plaintiff's § 1983 claims are not barred.

For the foregoing reasons, the district court's judgment is vacated pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit,

and the case is remanded to the district court for further proceedings.